**Opinion issued January 31, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00726-CR

———————————

**LUIS ARMANDO CRUZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1273372**

---

## MEMORANDUM OPINION

Appellant, Luis Armando Cruz, pleaded guilty before a jury to the offense of

aggravated robbery and pleaded "true" to a felony enhancement. *See* TEX. PENAL

CODE ANN. § 29.03(a)(3)(A) (West 2011). The jury found appellant guilty, found

the enhancement true, and assessed punishment at confinement for 75 years. Appellant timely filed a notice of appeal.

Appellant's appointed appellate counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). We grant counsel's motion to withdraw and affirm the trial court's judgment.

An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds a case to be wholly frivolous, his obligation to his client is to seek leave to withdraw. *Id*. Counsel's obligation to the appellate court is to assure it, through an *Anders* brief, that, after a complete review of the record, the request to withdraw is well-founded. *Id*.

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record. *See id*. Counsel discusses the evidence adduced, supplies us with references to the record, and provides us with citation to legal authorities. *See id.* at 411; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744,

87 S. Ct. at 1400; *Schulman*, 252 S.W.3d at 406–07; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

The brief also reflects that counsel delivered a copy of the brief to appellant and informed him of his right to examine the record and to file a response. *See Schulman*, 252 S.W.3d at 408. More than 30 days have passed, and appellant has not filed a pro se response. *See id.* at 409 n.23 (adopting 30-day period for response). The State waived its opportunity to file an appellee's brief.

We have independently reviewed the record, and we conclude that no reversible error exists, that there are no arguable grounds for review, and that the appeal is frivolous. *See id.* at 407 n.12 (explaining that appeal is frivolous when it does not present argument that could "conceivably persuade the court"); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous). Although we may issue an opinion explaining why the appeal lacks arguable merit, we are not required to do so. *See Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We grant counsel's motion to withdraw[1] and affirm the trial court's judgment. Attorney Allen C. Isbell must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

4